UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD DANIEL LORD,

    Plaintiff,

v.                                              Case No. 3:22-cv-276-MMH-LLL

JOHNATHAN MACDONALD and
SHELLI KOZACHENKO,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Richard Daniel Lord, a federal inmate in the Bureau of Prisons, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). In the Complaint, Lord names as Defendants Johnathan MacDonald, a Special Agent with the Federal Bureau of Investigation; and Shelli Kozachenko, a Court Reporter. He appears to allege that Defendant MacDonald conducted a warrantless search of his home and seized personal property on September 6, 2011, and engaged in coercion on October 17, 2011. See Doc. 1 at 5; see also Doc. 1-1 at 1-8. Lord also alleges that Defendant MacDonald "illegally accessed the court file" and edited the transcript from Lord's sentencing. See Doc. 1-1 at 16. As to Defendant Kozachenko, Lord contends that she "knowingly certif[ied] an official document she knew to be false, adding that the stenographer was in

attendance of the sentencing proceeding, therefore a witness." Id. Lord asserts that the transcript has been altered so much that he believes "the integrity of [his] sentencing has been compr[o]mised to the point of being rendered invalid." Id. at 20. Lord seeks monetary damages as relief. Doc. 1 at 5.

As background, a review of Lord's criminal docket shows that he pled guilty on December 28, 2016. See Docs. 24-28, Case No. 3:16-cr-145-BJD-PDB (M.D. Fla.). On March 29, 2017, the Court held a sentencing hearing, at the conclusion of which the Court imposed an eighty-seven-month term of imprisonment. See Docs. 33-34, Case No. 3:16-cr-145. Lord did not file a direct appeal. The transcripts of his change of plea and sentencing hearings were filed on September 10, 2021. See Docs. 40-41, Case No. 3:16-cr-145. On March 11, 2022, Lord filed a motion to vacate pursuant to 28 U.S.C. § 2255, which remains pending. See Doc. 5, Case No. 3:22-cv-172-BJD-PBD (M.D. Fla.).

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A.[1] In assessing the Complaint, the Court must read

---

[1] Lord did not pay the filing fee or file a request to proceed in forma pauperis.

Lord's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

Claims may be considered frivolous if they are brought after the expiration of the statute of limitations. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."); see also Reid v. Republic Bank & Trust Inc., 805 F. App'x 915, 916 (11th Cir. 2020)[2] (affirming district court's sua sponte dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the statute of limitations); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (recognizing that the running of the applicable statute of limitations is a sufficient ground for dismissal under § 1915(e)(2)(B)). "Claims brought pursuant to 42 U.S.C. § 1983 [or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)] are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) ("[A] Bivens action is governed by

---

[2] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the same statute of limitations as would a § 1983 action in that court."). In Florida, "[t]he applicable statute of limitations . . . is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); see, e.g., McGroarty v. Swearingen, 977 F.3d 1302, 1307 (11th Cir. 2020) ("Specifically, a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act."). Accordingly, any claims premised upon acts that occurred in 2011 are untimely and due to be dismissed.

Insofar as Lord claims that Defendants violated his rights by altering the official transcript of his sentencing proceeding, he fails to state a claim. Lord does not allege facts showing how the alleged falsification of the transcript renders his conviction invalid such that he would be entitled to monetary damages. Nor does he include facts showing how the alleged modifications to the transcript otherwise injured him. "'[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). Notably, in Lord's recently-filed motion to vacate pursuant to 28 U.S.C. § 2255, he raises claims relating to the alleged falsification of his sentencing

transcript. See Doc. 5, Case No. 3:22-cv-172. His motion to vacate remains pending.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of March, 2022.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 3/22
c:
Richard Daniel Lord, #67736-018